IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BOBBY GONZALES,           )
    Petitioner,           )
                              )
v.                        )     No. 3:10-CV-1043-B
                              )
RICK THALER, Director, TDCJ-CID,  )
    Respondent.           )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Rick Thaler, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of murder in the 282nd District Court of Dallas County, Texas in cause no. F-0156584-MS. Gonzales was tried by a jury which returned a verdict of guilty. The jury found that he had been convicted of two prior felony offenses and assessed punishment at a term of life imprisonment.

Petitioner effected a direct appeal, and on August 6, 2003 his conviction was affirmed by the Fifth Court of Appeals at Dallas. *Gonzales v. State*, No. 05-02-00478-CR, slip op. (Tex. App.–Dallas 2003). His first federal habeas petition was filed with this Court in 2005. *See Gonzales v. Director*, Civil Action No. 3:05-CV-1777 (N.D.Tex. Sep 2. 2005). The petition was denied on June 23, 2006. On June 7, 2007, the United States of Appeals for the Fifth Circuit denied a certificate of appealability (COA). *Gonzales v. Quarterman*, No. 06-10755 (5th Cir. 2007). Significantly, on August 11, 2008 (in the same appeal), the Fifth Circuit denied Petitioner leave to file a second application pursuant to 28 U.S.C. § 2254.

On May 24, 2010 Petitioner filed with this Court his second habeas petition under 28 U.S.C. § 2254. On November 5, 2010 Respondent filed a Motion to Dismiss for Lack of Jurisdiction and Alternative Preliminary Response. Respondent alleges this court lacks jurisdiction because this is a second, or subsequent petition filed by Gonzalez without first seeking leave of the Fifth Circuit Court of Appeals for permission to file a subsequent habeas petition.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application

in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 4th day of January, 2011.

 _____
 PAUL D. STICKNEY
 UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** -3-

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).